IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITE HERE HEALTH, ) | |
| ) | |
| MATTHEW WALKER, as fiduciary of UNITE ) | |
| HERE HEALTH, ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) | |
| ) | NO. 13 C 237 |
| vs. ) | |
| ) | JUDGE VIRGINIA M. KENDALL |
| LA PLAZA SECAUCUS, LLC and ROSDEV ) | MAGISTRATE MARIA VALDEZ |
| HOSPITALITY SEACACUS, L.P. d/b/a ) | |
| EMPIRE CLARION HOTEL BY ) | |
| MEADOWLANDS HOTEL, f/k/a CROWNE ) | |
| PLAZA HOTEL & CONVENTION CENTER, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendants, LA PLAZA SECAUCUS, LLC and ROSDEV HOSPITALITY SECAUCUS, L.P. d/b/a EMPIRE HOTEL & SUITES – MEADOWLANDS, f/k/a CROWNE PLAZA HOTEL & CONVENTION CENTER, answer the Amended Complaint of UNITE HERE HEALTH and MATTHEW WALKER ("Plaintiff"), as follows:

**JURISDICTION**

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** The allegations stated in Paragraph 1 consist of legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the Plaintiff brings this action under ERISA, but deny that the Plaintiff is entitled to any of the relief sought,

and further deny each and every allegation inconsistent with express provisions of ERISA as cited herein.

## PARTIES

2. Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

**ANSWER:** The allegations set forth in Paragraph 2 state legal conclusions to which no answer is required. To the extent an answer may be required, Defendants admit that Unite Here Health is a Plaintiff in this action but deny that the Plaintiff is entitled to any of the relief sought, and further deny each and every allegation inconsistent with express provisions of ERISA and the LMRA as cited herein.

3. The Trustees of the Welfare Fund and the Sixth Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture") governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. Matthew Walker, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132 (a)(3).

**ANSWER:** The allegations set forth in Paragraph 3 consist of legal and factual conclusions to which no answer is required. To the extent an answer may be required, Defendants lack sufficient information with which to form a belief about the truth of the allegations relating to the Trustees, Agreements and Declarations of Trusts and Administrator stated in Paragraph 3, and therefore deny them. Defendants further deny each and every allegation inconsistent with express provisions of ERISA as cited herein.

4. Defendants, LaPlaza Secaucus, LLC and Rosdev Hospitality Secaucus, L.P., were previously found to be joint employers in the operations of the Crowne Plaza Hotel and

Convention Center by the National Labor Relations Board. See, Rosdev Hospitality, Seacaucus, LP, 349 NLRB 202, 204 (2007).

**ANSWER:** Defendants admit the allegations stated in Paragraph 4.

5. On information and belief, in December, 2012, Defendants changed the name and affiliation from the Crowne Plaza Hotel and Convention Center to Empire Clarion Hotel by Meadowlands Hotel, located at 2 Harmon Plaza, Secaucus, New Jersey. The ownership of the hotel has not changed.

**ANSWER:** Defendants deny that the hotel is correctly identified in Paragraph 5. The hotel is currently doing business as Empire Hotel & Suites – Meadowlands. Further answering, Defendants admit that ownership of the hotel has not changed.

## VENUE

6. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

**ANSWER:** Defendants admit that Unite Here Health maintains an office in Aurora, Illinois. Defendants lack sufficient information with which to ascertain the truth of allegations relating to the purpose and activities of Unite Here Health as stated in Paragraph 6, and therefore deny them. Allegations relating to venue consist of a legal conclusion to which no answer is required, but to the extent an answer may be required, Defendants deny each and every allegation inconsistent with the express provisions of ERISA as cited herein.

## FACTS

7. Defendant are employers jointly engaged in an industry affecting commerce and were at all times bound to a certain collective bargaining agreement, as established below, under which Defendant is required, *inter alia*, to pay employee fringe benefits in the form and manner of monthly contributions to the Welfare Fund, in a sum certain, for and on behalf of Defendants' employees covered under the collective bargaining agreement.

**ANSWER:** Defendants admit that they were employers engaged in an industry affecting commerce and were parties to a certain collective bargaining agreement with the New York Hotel & Motel Trades Council, AFL-CIO ("Union") for the period March 3, 2007 through March 3, 2011, which required contributions to an employee benefit welfare trust fund on behalf of certain employees. Defendants deny the remaining allegations stated in Paragraph 7 to the extent they are inconsistent with express terms of the former collective bargaining agreement.

8. Defendants were bound to a collectively-bargained labor agreement with the New York Hotel & Motel Trades Council, AFL-CIO ("Union") for the period August 3, 2007 through August 3, 2011 (the "Agreement").

**ANSWER:** Defendants admit that they were parties to the Agreement identified in Paragraph 8.

9. Defendants further entered into an "Interim Agreement" with the Union, effective at all times since December 20, 2011, which requires contributions be made to the Welfare Fund for and on behalf of Defendants' employees covered by the Interim Agreement.

**ANSWER:** Defendants admit that they are parties to a certain Interim Agreement dated December 20, 2011 containing terms relating to contributions for certain employees, but deny that the terms of the Interim Agreement are fully and accurately set forth in Paragraph 9.

10. The Interim Agreement binds Defendants to the Welfare Fund Trust Indenture under the terms of which Defendant, *inter alia*, shall pay, in addition to the amounts determined to be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

**ANSWER:** Defendants deny that terms of the Interim Agreement are fully and accurately set forth in Paragraph 10, and deny each and every allegation inconsistent with its express terms.

11. Plaintiffs have complied with all conditions precedent in bringing this action.

**ANSWER:** Defendants deny the allegations stated in Paragraph 11.

12. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

**ANSWER:** Defendants lack sufficient information with which to ascertain the truth of the allegations stated in Paragraph 12, and therefore deny them.

## COUNT I

## WELFARE FUND DELINQUENCIES

13. The Welfare Fund incorporates by reference Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

**ANSWER:** Defendants adopt and reallege their answers to the foregoing Paragraphs 1 through 12 as their answer to this Paragraph 13 as though fully set forth herein.

14. Defendants failed to submit payments to the Welfare Fund for benefits for their eligible employees identified on the Defendants' contribution reports for the period August 2012 through February 2013.

**ANSWER:** Defendants admit that they have withheld payments pending resolution of a dispute concerning the number of eligible employees and the amount required to be paid under the Interim Agreement.

15. Interest and liquidated damages have continued to accrue on the unpaid contributions and will continue to accrue during the pendency of this litigation.

**ANSWER:** The allegations stated in Paragraph 15 consist of a legal conclusion to which no answer is required. To the extent an answer may be required, Defendants deny each and every allegation to the extent it is inconsistent with express provisions of the Interim Agreement and ERISA.

16. The total amount currently due and owing to the Welfare Fund is $372,169.25, plus accruing interest, costs and attorneys' fees, subject, however, to the possibility that additional monies may be due Plaintiffs from Defendants based upon Defendants' failure to submit all required reports from March, 2013 forward, or to accurately state all hours for which

5

contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**ANSWER:** The allegations stated in Paragraph 16 consist of factual and legal conclusions to which no answer is required. To the extent an answer may be required, Defendants deny each and every allegation inconsistent with express provisions of the Interim Agreement and all remaining allegations stated in Paragraph 16.

17. By failing to make the appropriate contributions to the Welfare Fund, Defendant has breached the Agreements with ERISA §§515, 29 U.S.C. §§1145.

**ANSWER:** The allegations stated in Paragraph 17 consist of legal and factual conclusions to which no answer is required. To the extent an answer may be required, Defendants deny each and every allegation inconsistent with express provisions of the Interim Agreement and ERISA.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses to the Amended Complaint of Unite Here Health and Matthew Walker, Defendants state as follows:

1. **Real Party In Interest.** Defendants' obligations to make employee benefit contributions under the Interim Agreement with the Union was limited to Plan Unit 100A of Unite Here Health. In its Amended Complaint, the Plaintiff fails to allege any facts pertaining to Plan Unit 100A, including whether Unite Here Health is a trustee or administrator of Plan Unit 100A and whether Matthew Walker is a fiduciary of Plan Unit 100A within the meaning of ERISA. The Amended Complaint thus fails to establish that either Unite Here Health or Matthew Walker is authorized to sue by or on behalf of Plan Unit 100A, and further fails to establish that the named Plaintiff herein is the real party in interest to this action.

2. **Jurisdiction.** Defendants' Interim Agreement with the Union provided that, "Any and all disputes regarding the interpretation or application of this Agreement shall be referred to the Office of the Impartial Chairperson of the Hotel Industry of New York City for final and binding resolution." To the extent Plan Unit 100A of Unite Here Health is or claims to be a third party beneficiary of the Interim Agreement, arbitration before the Office of the Impartial Chairperson of the Hotel Industry of New York City is the exclusive forum for determining the rights and duties of the parties.

**WHEREFORE**, Defendants, LA PLAZA SECAUCUS, LLC and ROSDEV HOSPITALITY SECAUCUS, L.P. d/b/a EMPIRE HOTEL & SUITES – MEADOWLANDS, f/k/a CROWNE PLAZA HOTEL & CONVENTION CENTER, pray for entry of judgment in their favor and against Unite Here Health and Matthew Walker for the relief requested in the Amended Complaint, plus costs of suit and such other relief as the court may deem just.

Dated: April 18, 2013

By: LA PLAZA SECAUCUS, LLC and ROSDEV HOSPITALITY SECACUS, L.P. d/b/a EMPIRE CLARION HOTEL BY MEADOWLANDS HOTEL, f/k/a CROWNE PLAZA HOTEL & CONVENTION CENTER


/s/ Elizabeth J. Boddy_____
One of Its Attorneys

Elizabeth J. Boddy, Esq.
Attorney for Defendant
SHEFSKY & FROELICH, LTD.
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60606-5231
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
E-Mail: eboddy@shefskylaw.com
1241307_1