IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITE HERE HEALTH; and MATTHEW WALKER, a fiduciary of Unite Here Health, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 13 C 237 |
| v. | ) ) ) | Magistrate Judge Maria Valdez |
| LA PLAZA SECAUCUS, LLC; and ROSDEV HOSPITALITY SECAUCUS, L.P., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction [Doc. No. 20]. For the reasons that follow, Plaintiffs' motion is denied.

I.  BACKGROUND

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(3). By reason of the parties' consent under 28 U.S.C. § 636(c)(1), this Court has authority to enter final orders on the motion presented.

Plaintiff, UNITE HERE HEALTH (the Fund) is a welfare fund and an employee benefit trust fund that provides health and welfare benefits to workers

affiliated with the New York Hotel and Motel Trades Council, AFL-CIO pursuant to a collective bargaining agreement. Participating employers contribute to the Fund at regular intervals in exchange for benefit provision and management. Defendants La Plaza Secaucus, LLC and Rosdev Hospitality Secaucus, L.P. are two such employers.

Plaintiff filed suit under § 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, in order to recover payments Defendants allegedly failed to make in the eight months leading up to the date the suit was filed, amounting to $366,012.07. Plaintiffs filed a motion for preliminary injunction, requesting that the Court order Defendants to pay the full amount owed and that they be enjoined from selling or transferring assets pending payment to the Fund. Plaintiffs also ask that the Court issue an injunction "requir[ing] Defendants to pay undisputed amounts moving forward." (Pls.' Mem. in Supp. of Mot. for Prelim. Inj. at 11-12.)

## II. PRELIMINARY INJUNCTION MOTION

ERISA gives the Court discretion in granting equitable relief to Plaintiffs. *See* 29 U.S.C. § 1132(g)(2)(E) (allowing for "such other legal or equitable relief as the court deems appropriate."). In the Seventh Circuit, "injunctions sought under ERISA are subject to the traditional equity analysis." *See Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1221 (7th Cir. 1989).

In order to obtain a preliminary injunction, the movant must show that (1) it has no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied; and (2) there is some likelihood of success on the merits of the claim. *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). If this threshold is met then the Court weighs the competing harms to the parties and considers the public interest. *Planned Parenthood of Ind., Inc. v. Comm'r of the Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). "While ERISA does allow beneficiaries to seek injunctive relief . . . courts must make a case-by-case inquiry and not presume irreparable harm simply because a case involves an ERISA plan." *BP Corp. N. Am. Inc. v. N. Trust Investments, N.A.*, No. 08 C 6029, 2008 WL 5263695, at *5 (N.D. Ill. Dec. 16, 2008).

III. **ANALYSIS**

    A. **Likelihood of Success on the Merits**

To prevail on its motion for injunctive relief, the Fund must show some likelihood of success on the merits. This is a low threshold, requiring only that Plaintiff's chance of prevailing is "better than negligible." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 897 (7th Cir. 2001). Defendants do not give significant attention to Plaintiffs' claims for relief aside from a cursory reference to Defendants' motion to dismiss. Defendants have admitted that they "have withheld payments pending resolution of a dispute concerning the number of eligible employees and the amount to be paid under the Interim Agreement." (Answer to Am. Compl. ¶ 14.) Given the

3

lack of dispute regarding the payments past due and the clarity of the ERISA statute as to appropriate relief when money is owed to an employee benefit trust fund, the Court concludes that there is a strong probability that Plaintiffs will succeed on the merits.

**B.** **Irreparable Harm and No Adequate Remedy at Law**

The harm to the Plaintiff is irreparable if it cannot be prevented or fully remedied by the final judgment after trial. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States, Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008). In arguing against a preliminary injunction Defendants primarily contend that Plaintiffs have not demonstrated irreparable harm; and they assert that the amount Defendants owe to the fund is difficult to calculate.

Generally, the remedy that would accrue should Plaintiffs prevail is functionally a remedy at law, whereby Plaintiffs would recover an established amount of owed payments in the form of a monetary judgment. Where a Plaintiff fund can make a showing that a delay in the payment of that amount would irreparably injure Plaintiff, than an injunction may issue. *See Gould*, 820 F.2d at 1221 (granting a preliminary injunction to compel payments to a benefit fund by a delinquent employer where the court found that the actuarial soundness of the plaintiff funds was being jeopardized by defendant's failure to make its required contributions to the plaintiffs).

The Fund argues that Defendants' continued non-payment risks irreparable harm for three reasons. First, the Fund contends that non-payment irreparably harms employees whose health care benefits are provided by the Fund because those employees "may lose their health care coverage with the Fund due to non-payment." (Pls.' Mem. at 7.) Second, the Fund argues that Defendants' continued failure to pay subjects the Fund to "actuarial instability"—*i.e.,* that the Fund's ability to accurately calculate incoming payments and distribute adequate attendant benefits is compromised in the absence of contributions by all parties under contract. Third, the Fund states that Defendants' continued failure to pay suggests that they may be at risk of becoming insolvent, thereby jeopardizing the Defendants' ability to pay in the event of an adverse judgment.

In support of this argument, the Fund relies on the affidavit of Robert Simon. Mr. Simon's affidavit describes the harm that results to the Fund when there is non-payment. According to the affidavit, the only funding source is through the contributions of employers. As a result, non-payment of contributions will mean a decrease in benefits or an increase in contributions required of all employers. Mr. Simon further concludes that "[t]he Fund cannot operate on an actuarially sound basis if it continues to pay benefits for participants whose employer fails to pay contributions for an extended period of time." (Aff. of Robert Simon at 2.)

Defendants correctly contend that the immediate nature of the stated harms are too undetermined to establish imminent harm. Generally, "a plaintiff cannot obtain a preliminary injunction by speculating about hypothetical future injuries."

5

*East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 705-06 (7th Cir. 2005).

The Fund has certainly asserted potential calamities that may result from the continued non-payment of contributions owed. But, this establishes only that Defendants' actions may harm the Fund; it does not demonstrate that the harm will be irreparable. Furthermore, the Fund offers no time frame as when employee benefits would be placed at risk, limiting the availability of equitable relief. *See United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d 1008, 1041 (N.D. Ill. 2006) ("[A] plaintiff's entitlement to preliminary injunctive relief requires it, in addition to showing that its harm is irreparable, to show that the harm is 'imminent' as well.") (citing *Bedrossian v. Northwestern Mem. Hosp.*, 409 F.3d 840, 844 (7th Cir. 2005)); *see also Donovan v. Robbins*, 558 F. Supp. 314, 330 (N.D. Ill. 1983) (denying preliminary injunction for failure to show imminent harm). Because the Fund has not shown that the loss of the contributions at issue actually places employee benefits in immediate jeopardy, it does not rise to the level of irreparable harm necessary for a preliminary injunction. *See BP Corp. N. Am. Inc.,* 2008 WL 5263695, at *5 ("The BP Plans argue briefly that the stability of the plan might be at stake, but they have offered no evidentiary support for this argument.").

Here, the Fund has not shown that it is in immediate jeopardy, nor have they shown that Defendants are or will become insolvent in the near future. Accordingly, the Court finds that the Fund has failed to demonstrate an inadequate remedy at law nor have they demonstrated irreparable harm. As a result, it is unnecessary to

balance the hardships to both parties or the public's interest. The motion will be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction [Doc. No. 20] is denied.

**SO ORDERED.**                    **ENTERED:**

                                   _____
DATE: **January 27, 2014**         **HON. MARIA VALDEZ**
                                   **United States Magistrate Judge**